# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ZAFAR YUSUPOV,                          )
                                        )
      Petitioner,                    )
                                        )
v.                                      )    Case No. CIV-26-00711-JD
                                        )
SAM OLSON, et al.,                      )
                                        )
      Respondents.                   )

## ORDER

Before the Court is Respondents' Response [Doc. No. 13] to the Court's Order to Show Cause [Doc. No. 12] following the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). While they reserve their appellate rights and note the petition for a writ of certiorari filed in the U.S. Supreme Court on the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A), Respondents concede that *Santillan Quiroz* controls this Court's decision in this habeas action.

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).[1] The Court, however, declines to address Petitioner's remaining claims. *See*

---

[1] Respondents note that a custody redetermination proceeding happened in the immigration court in light of *Santillan Quiroz* on July 7, 2026. *See* [Doc. No. 13 at 1; Doc. No. 13-1]. From review of the Immigration Judge's Order, Petitioner reserved his right to appeal that decision, and his appeal is due on August 7, 2026. *See* [Doc. No. 13-1 at 2].

*Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, and as described above, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS that Respondents provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the Court's Order, to the extent not already completed, or otherwise release Petitioner if Petitioner has not received a bond hearing. A separate judgment will follow.

IT IS SO ORDERED this 8th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2